UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RENEE A. ESHCOFF,<br>    Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of the Social<br>Security Administration[1],<br>    Defendant. | )<br>)<br>)<br>)   CAUSE NO.: 1:21-CV-190-JPK<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Renee A. Eshcoff's (1) Motion For Award of Attorney Fees Pursuant To The Equal Access to Justice Act 28 U.S.C. Section 2412 [DE 28], and (2) Supplemental Motion For Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. Section 2412 [DE 34].

On May 17, 2021, Plaintiff filed a Complaint seeking judicial review of the Commissioner's decision denying her disability insurance benefits. [DE 1]. On December 10, 2021, Plaintiff filed an opening brief. [DE 20]. On January 11, 2022, the Commissioner filed a Motion For Reversal And Remand Pursuant To Sentence Four Of 42 U.S.C. § 405(g). [DE 21]. On January 18, 2022, Plaintiff filed a Response To Defendant's Motion For Reversal And Remand Pursuant To Sentence Four of 42 U.S.C. § 405(g). [DE 22]. On

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security effective July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. *See* 42 U.S.C. § 405(g).

March 2, 2022, the Court held a telephone conference to discuss the Commissioner's remand motion and Plaintiff's objections thereto. [DE 24]. Following the telephone conference, on March 7, 2022, the parties jointly filed a Consent Motion For Reversal And Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g). [DE 25]. An agreed order and judgment were entered pursuant to the Consent Motion for Reversal and Remand on March 10, 2022. [DE 26, 27].

In the Motion For Award of Attorney Fees, Plaintiff seeks fees under the Equal Access to Justice Act ("EAJA") in the amount of $12,044.50 for 54.5 hours of attorney work at an hourly rate of $221.00. [DE 28 at 1]. On April 18, 2022, the Commissioner filed a response brief in opposition to Plaintiff's fee request, opposing the number of hours as unreasonable and asking the Court to reduce the request by 7.5 hours to 47 hours, for a total fee award of $10,387.00. [DE 32 at 3]. Plaintiff filed a reply on April 21, 2022 [DE 33], along with a Supplemental Motion for EAJA Fees seeking an additional 9.4 hours spent responding to Defendant's objection to her attorney fee request, for a new total of 63.9 attorney hours at $221 per hour for a total fee award of $14,121.90 [DE 34 at 1]. The Commissioner filed a response to the supplemental motion on May 4, 2022 in which she reiterated her arguments in her response to the original motion for attorney fees. [DE 36].

The prevailing party in a civil action against the United States is entitled to attorney fees unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The fee applicant bears the burden of establishing that she is entitled to the reward, documenting the hours and hourly rates, and demonstrating that the

requested hours are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The fee applicant must further make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary. *Id*. at 434 ("'Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.'" (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc) (emphasis in original))); *see also Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008) ("When calculating an EAJA award, we must exclude hours that were not reasonably expended and we may reduce the amount of the award accordingly." (internal quotation marks omitted) (quoting *Hensley*, 461 U.S. at 434) (citing 28 U.S.C. § 2412(d)(1)(C))). Determining the amount of the fee award is a matter of discretion for the Court, due to its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley*, 461 U.S. at 437. The Court considers a number of factors when making this determination, including the results obtained, the complexity of the case, the staffing particulars, and the quality of outcome for the requesting party. *Hensley*, 461 U.S. at 434-37; *Tchemkou*, 517 F.3d at 511.

The Commissioner does not oppose the hourly rate asserted by Plaintiff. However, the Commissioner opposes the number of hours sought by Plaintiff in this matter on the ground that Plaintiff's request for 54.5 hours is only 5.5 hours below the upper boundary of the 40-60 hour range recognized by the Seventh Circuit as the appropriate standard. The Commissioner argues that, although the requested 54.5 hours is within the recognized range for a Social Security appeal in the district court, proceedings in this case were "shortened" by the Commissioner's proposal of a voluntary remand. According to

the Commissioner, by voluntarily proposing a remand, the Commissioner "eliminated the need for subsequent stages of litigation for which attorneys might typically claim time spent (e.g., consideration of Defendant's Response Brief, preparation of Plaintiff's Reply Brief, etc.)." [DE 32 at 2]. The Commissioner thus objects to Plaintiff claiming "a total number of hours commensurate with a fully-briefed appeal" when the case was resolved with an agreed remand order. [DE 36 at 2].

    The Court rejects the Commissioner's argument. While in some cases, an agreed remand order might indeed truncate the proceedings, this is not such a case. To begin with, the Commissioner did not propose an agreed remand order to Plaintiff until after Plaintiff filed her opening brief. Thus, while these proceeding were truncated in terms of overall time from filing to resolution, they were not truncated from the perspective of work put into the case by Plaintiff. The only portion of the proceedings truncated from the perspective of attorney time on Plaintiff's behalf is the filing of a reply brief. But the time Plaintiff's attorney would have spent on the filing of a reply brief was instead spent on the further proceedings that were necessary to address Plaintiff's objections to the specific terms of the Commissioner's proposed remand. Thus, notwithstanding the Commissioner's proposal of a voluntary remand, subsequent litigation in this case was not in fact "shortened" following Plaintiff's filing of her opening brief, and time that would have been spent on a reply brief ended up being spent on proceedings to resolve the parties' differences over the terms of the agreed remand order. Accordingly, the Court finds that the time spent by Plaintiff's attorney properly reflects a fully-briefed appeal as

opposed to shortened proceedings that might have occurred had the Commissioner presented an agreed remand proposal prior to Plaintiff having filed her opening brief.

The Commissioner also takes issue with Plaintiff's objections to the terms of the proposed remand order, arguing that "Plaintiff unnecessarily protracted the resolution of this case after Defendant offered a voluntary remand." [DE 36 at 2]. But the Court finds that the parties had a bona fide dispute over the terms of the remand order, with Plaintiff arguing that the order should specifically refer to an earlier court decision regarding Plaintiff's application for Social Security benefits and the Commissioner arguing that referencing the prior court order in the current remand order would be improper. Plaintiff's arguments regarding the terms that should be included in any agreed remand order reflected her substantive arguments made in her opening brief for reversal of the Commissioner's decision. It was not unreasonable for Plaintiff to seek to ensure that her appeal in this matter result in an agreed remand order that incorporated her reasons for taking the appeal in the first place.

In the end, *both* sides compromised on their positions regarding the terms of an agreed remand order. The Commissioner suggests that Plaintiff capitulated to the Commissioner's original position regarding the terms of the remand order, but that is not the case. While the remand order to which Plaintiff ultimately agreed did not specifically refer to the prior court decision as Plaintiff had wanted, it did contain additional language not included in the Commissioner's originally proposed order that Plaintiff found to be an acceptable (albeit less desirable) alternative to the language she originally sought to incorporate in the agreed order. That Plaintiff agreed to a compromise position does not

mean, as the Commissioner asserts, that she "unnecessarily protracted the resolution of this case."[2]

In sum, the Court finds that Plaintiff's litigation position following the Commissioner's offer of an agreed remand order had a reasonable basis in law and fact and ultimately was successful in obtaining a modification of the proposed terms of the remand order. Therefore, no reduction should be made for the 7.5 hours identified by the Commissioner as time spent by Plaintiff's counsel reviewing the Commissioner's remand proposal and negotiating with the Commissioner regarding the offered terms of the proposed remand order.

Finally, Plaintiff has requested an additional $2,077.40 for the 9.4 hours her attorney spent responding to the Commissioner's objections to Plaintiff's motion for attorney fees. The Commissioner's only argument against this additional award is that the 7.5 attorney hours Plaintiff spent on reaching agreement on the terms of an agreed remand order were unnecessary and unreasonable, and therefore the 9.4 hours spent in defending the 7.5 hours are also unnecessary and unreasonable. As the Court has found that the 7.5 attorney hours were not unreasonable, the Court also finds that the hours spent defending those hours were reasonable. One might question whether it is

---

[2] It is noteworthy that the Commissioner seeks to disallow 100 percent of the 7.5 hours spent by Plaintiff's counsel in responding to the Commissioner's remand proposal. Even if Plaintiff had not contested the terms of the proposed remand order, Plaintiff would have had to review and respond to the Commissioner's remand proposal, and yet the Commissioner does not suggest including any amount of time for that purpose in the recoverable hours.

6

reasonable to spend 9.4 hours to defend 7.5 hours of time. But the Commissioner has not made any argument to that effect. Moreover, the Court notes that the 7.4 hours involved attorney time reviewing and negotiating the terms of the remand proposal, whereas defending those 7.4 hours required Plaintiff's attorney to prepare and file a written brief, a more time consuming endeavor. The Court will allow the full amount requested. Accordingly, Plaintiff will be granted an attorney fee award of $14,121.90, which includes the original $12,044.509 plus $2,077.40 for the additional time spent in responding to the Commissioner's objections to the fee award request.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS:** (1) Motion For Award of Attorney Fees Pursuant To The Equal Access to Justice Act 28 U.S.C. Section 2412 [**DE 28**]; and (2) Supplemental Motion For Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. Section 2412 [**DE 34**].

The Court **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $14,121.90 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. If the Government determines that Plaintiff does not owe a pre-existing debt subject to offset, the Commissioner shall direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and her counsel.

So ORDERED this 31st day of May, 2022.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT